UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON NOELLE HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No.  12-cv-05629-JST<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED** |

Plaintiff Sharon Harris filed this action in the Superior Court of San Mateo County on October 4, 2012. Not. of Removal, ECF No. 1-2 at 1. Defendant Wells Fargo Bank, N.A. removed that action to this Court on November 1, 2012, on the basis of diversity of citizenship because Plaintiff is a citizen of California and Wells Fargo's "main office" is located in South Dakota. Not. of Removal, ECF No. 1-1 at 1. See Wachovia Bank v. Schmidt, 546 U.S. 303, 306–07, n.9 (2006) (holding national banking associations are citizens of the state in which their main office is located; reserving the question of whether national banking associations are also citizens of the state in which their principal place of business is located).

The undersigned has recently held that, for diversity purposes, Wells Fargo is also a citizen of the State of California because it maintains its principal place of business in California. Vargas v. Wells Fargo Bank, N.A., ___ F. Supp. 2d ___, 2013 WL 6235575, No. 3:12-cv-02008-JST (N.D. Cal. Dec, 2, 2013). Because Plaintiff brings exclusively state-law causes of action, Wells Fargo's Notice of Removal does not satisfy its burden of demonstrating that this Court has jurisdiction over this action, as diversity does not exist between the parties. See Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010) (burden of establishing federal subject-matter jurisdiction lies with party asserting it); see also Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992) ("strong


presumption" against removal jurisdiction must be overcome by removing party).

While Plaintiff has not moved to remand, district courts have an independent obligation to satisfy themselves of their subject-matter jurisdiction over a removed action. <u>United Investors Life Ins. Co. v. Waddell & Reed, Inc.</u>, 360 F.3d 960, 967 (9th Cir. 2004). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Consequently, the Court hereby ORDERS Wells Fargo to show cause why this action should not be remanded to San Mateo County Superior Court for lack of subject matter jurisdiction. Wells Fargo shall file a written response to this Order to Show Cause by January 17, 2014, either (1) conceding that the Court lacks subject matter jurisdiction or (2) bringing to the Court's attention any material distinction in the facts of this case, or subsequent development in the law, that requires an outcome different than that in <u>Vargas</u>. The Court will not reconsider its prior holding in the absence of new facts or law.

**IT IS SO ORDERED.**

Dated: January 3, 2014

_____
JON S. TIGAR
United States District Judge